# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

BETTY J. STURGIS, )
 )
      Plaintiff, )
 )
      v. )   Case No. CIV-13-50-SPS
 )
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration,[1] )
 )
      Defendant. )

## OPINION AND ORDER

The claimant Betty J. Sturgis requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born March 6, 1953, and was fifty-eight years old at the time of the administrative hearing (Tr. 30, 121). She earned a GED and completed truck driving school, and has worked as a construction laborer (Tr. 21, 154). The claimant alleges that she has been unable to work since March 2, 2002, due to knee and shoulder surgery, high blood pressure, acid reflux, appendicitis, hernia, anxiety, and osteoarthritis (Tr. 147).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on November 24, 2009. Her applications were denied. ALJ Osly F. Deramus conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 8, 2011 (Tr. 10-22). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found the claimant had the residual functional capacity (RFC) to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c), *i. e.*, she could lift/carry fifty pounds occasionally and twenty-five pounds frequently, and stand/walk/sit for six hours

in an eight-hour workday (Tr. 16). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled under Rules 203.22 and 203.15 of the Medical-Vocational Guidelines, *i. e.*, "the Grids" (Tr. 22).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly consider all the medical evidence, including the opinions of the state agency physicians, and (ii) by improperly finding she could do medium work. In support of her second contention, the claimant argues that the ALJ erred at step four by failing to include limitations in her RFC corresponding to severe impairments found at step two. Because the Court finds that the ALJ did fail to explain how severe impairments at step two nevertheless required corresponding limitations in her RFC at step four, the decision of the Commissioner must be reversed and the case remanded for further proceedings.

At step two, the ALJ found that the claimant had the severe impairments of right shoulder rotator cuff tear status post repair and left knee ACL tear status post repair, as well as the non-severe impairments of generalized anxiety disorder, depressive disorder, hypertension, esophageal reflux disease (GERD), appendicitis status post laparoscopic appendectomy, hernia status post repair, osteoarthritis, and obesity (Tr. 12-13). Relevant medical records reveal that the claimant underwent a left knee arthroscopic ligament tear repair and ACL ligament reconstruction in 2002, as well as arthroscopic surgery on her right shoulder that same year (Tr. 210, 229-253). A CT scan revealed a hernia on May 19, 2008, which she had surgically repaired in January 2010 (Tr. 285, 312, 335, 360).

State agency physician Dr. William Cooper, D.O. performed a consultative exam of the claimant on March 5, 2010 (Tr. 361). He noted diminished flexion of the left knee with pain, diminished range of motion of the right shoulder, and pain with full range of motion of the hips bilaterally (Tr. 363, 367). Dr. Cooper's assessment included chronic left knee and right shoulder pain; history of left ACL repair status post surgery times 2; history of right rotator cuff repair status post surgery, hypertension, osteoarthritis of hips, fingers, and coccyx per history; history of appendicitis status post appendectomy in 2007; history of incisional hernia status post emergency repair in 2010; history of surgical incision infection status post treatment; and generalized anxiety (Tr. 364). Another state agency physician subsequently reviewed the claimant's medical records and determined that she could perform medium work but had limited ability to reach in all directions (including overhead) and would need to alternate between sitting and standing to relieve pain or discomfort (Tr. 384-386). Noting that a "sit or stand option" would substantially erode the number of medium jobs available to the claimant, the agency ordered another review of her records by a different physician, (Tr. 392), who not surprisingly opined that the claimant could perform the full range of medium work (Tr. 394-400).

Although the ALJ found that the claimant's rotator cuff repair and left knee ACL repair were severe impairments at step two, he failed to include any limitations related to those impairments in the claimant's RFC at step four (Tr. 12-22). The ALJ did not give any explanation for this apparent inconsistency, *see, e. g., Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."); *Hamby v. Astrue*, 260 Fed.

Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work."), opting instead to devote most of his step four discussion to questioning his determination of severity at step two. The ALJ did observe that he was giving great weight to the opinion of the reviewing state agency physician who found that the claimant could perform the full range of medium work (Tr. 22), but he did not explain why he preferred that opinion over the conflicting opinion of the other reviewing state agency physician, who found that the claimant was limited in her ability to reach and would need to alternate sitting and standing. Nor did the ALJ analyze either opinion in accordance with the controlling authorities. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion."), *citing Goatcher v. United States Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995).

Because the ALJ failed to explain how the claimant's severe impairments related to her right shoulder and left knee at step two became so insignificant as to require no limitations in his RFC at step four, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustment

to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 31st day of March, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma